UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BETTI ALTIERI & JACQUELINE DELISI,

        Plaintiffs,

-v-

THE NEW YORK CITY DEPARTMENT OF
EDUCATION,

        Defendant.

No. 02 Civ. 10013 (LTS)(JCF)

**ORIGINAL**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/15/05

LAURA TAYLOR SWAIN, United States District Judge

MEMORANDUM OPINION AND ORDER

      This case, arising from the termination of New York City public school Parent Teacher Association ("PTA") officials, due to alleged retaliatory action by a former New York City school district superintendent, is before the Court on Defendant's motion for summary judgment. Plaintiffs Betti Altieri ("Altieri") and Jacqueline Delisi ("Delisi"), each of whom had served at relevant times as President of the PTA of Public School 180 ("PS 180"), in District 20, and each of whom had received an unspecified stipend for her services to the PTA, were removed from their PTA posts in or about 2002, following an investigation of the PTA's finances and of other complaints relating to the PTA. Plaintiffs, alleging that the investigation and removal were undertaken by Vincent Grippo ("Grippo"), the former District 20 School superintendent, in retaliation for Plaintiffs' vocal support of District 20 teachers who were allegedly terminated by Grippo on account of age, brought this action against Grippo and the New York City Department of Education ("DOE"), asserting claims pursuant to 42 U.S.C. §

1983 of violations of their rights under the First, Fourth and Fourteenth Amendments to the Constitution of the United States, as well as claims of defamation, harassment and intentional infliction of emotional distress. Following Grippo's death in or about 2005, Plaintiffs voluntarily discontinued all of their claims against him. (See Docket Entry 36). In their opposition to the instant motion, Plaintiffs withdraw, and indicate that they do not oppose Defendant's motion insofar as it is directed to, their Fourth Amendment and state law claims.[1] The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331. The Court has considered thoroughly all submissions related to Defendant's motion and for the following reasons, Defendant's summary judgment motion is granted.

## BACKGROUND

The following facts are undisputed unless characterized otherwise. Grippo was the Superintendent for District 20 when Altieri and Delisi were officers of the PTA at PS 180. (Compl. ¶¶ 8-9.) During the Plaintiffs' tenure as PTA members, District 20 offices received anonymous complaints requesting an investigation of the PTA finances. (Decl. of Martin Bowe in Supp. of Def.'s Mot. for Summ. J. ("Bowe Decl."), Ex. B at 63-65.) The Superintendent is empowered to conduct an audit of the PTA's finances when a grievance is filed or when serious allegations are raised. (Id. Ex. I at 25.) In addition, the Superintendent may "order disciplinary or corrective action, as appropriate." (Id. Ex. E at 0351; Ex. I at 25.) On September 24, 2002, Grippo ordered an audit of the PS 180 PTA's finances. (Def.'s Mem. of Law in Supp. of Def.'s Mot. for Summ. J. ("Def.'s Mem."), at 15.) The audit revealed that there were checks and

---

[1] (Pls.' Mem. of Law in Opp'n to Def.'s Mot. for Summ. J. ("Pls.' Opp'n"), Points III & VI.)

receipts missing from the PTA checking account, (Bowe Decl. Ex. G at 23; Ex. E at 0071-76), and that PTA members had used the school's tax-free number to purchase items which were not used in school. (Id. Ex. G at 29; Ex. E at 0071-135, 0156.) Plaintiffs were subsequently removed from their PTA positions and denied all rights, privileges and responsibilities as PTA officers. Plaintiffs filed the instant action on December 18, 2002.

Plaintiffs allege they were targeted by Grippo for voicing their support of older teachers who had brought separate legal actions against Grippo and the DOE alleging age discrimination. (Compl. ¶ 17.) Specifically, Plaintiffs allege that, prior to their own dismissals, they had openly declared that "based on their experiences with Grippo, age discrimination was taking place and that District 20 was losing good seasoned teachers as a result." (Pl.'s Opp'n, at 2.) Plaintiffs claim that the school's secretary overheard the statement, "made a face, jumped up and ran upstairs to the principal's office." (Id.) Plaintiffs further allege that the acting principal, Beth Grater, after learning about these comments, communicated them to Grippo, who in turn launched an investigation into the PTA, specifically targeting Plaintiffs because of their support for the teachers. (Id. Point II.)

However, Grippo denies any knowledge of the alleged conversation between Delisi and Altieri in the PTA room. (Bowe Decl. Ex. A at 73). The DOE asserts that the investigation involving Plaintiffs arose from incidents prior to the alleged PTA room conversation, including Delisi's alleged improper public discussion of a student's lewd behavior, Plaintiffs' alleged harassment of teachers and physical conflicts with parents, and anonymous letters describing the PTA's misuse of funds. (Def.'s Mem. at 12-14.)

## DISCUSSION

Standard of Review

Summary judgment shall be granted in favor of a moving party where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of establishing the absence of any genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Lehman v. Discovery Commc'ns, Inc., 332 F. Supp. 2d 534, 536 (E.D.N.Y. 2004). "In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant." Marvel Characters, Inc. v. Simon, 310 F.3d 280, 286 (2d Cir. 2002) (internal citations omitted). Nevertheless, "Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

A party opposing a summary judgment motion cannot rely solely upon its pleadings. Fed. R. Civ. P. 56(e). Rather, it must proffer evidence containing "specific facts showing that there is a genuine issue for trial." Id. The proffered evidence, if sufficient, will "be based on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show . . . that the affiant is competent to testify to the matters stated therein." Id. In evaluating the sufficiency of the evidence, it is not the Court's duty to "weigh the evidence and determine the truth of the matter." Anderson, 477 U.S. at 249. Instead, at the summary

judgment stage, the Court need only "determine whether there is a genuine issue for trial." Id.

Plaintiffs Have Failed to Demonstrate That They Have a Viable Basis for Municipal Liability Under *Monell*

Because neither Grippo nor his estate is a party to the instant action, Plaintiffs seek to recover damages from Grippo's former employer, DOE. However, the DOE may not be held liable for Grippo's alleged actions under the respondeat superior theory of liability. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). In Monell, the Court observed that the language of section 1983 "cannot easily be read to impose liability vicariously on government bodies solely on the basis of the existence of an employer-employee relationship with a tortfeasor," and held that section 1983 did not incorporate doctrines of vicarious liability. Id. at 692-94.

Nonetheless, a municipal employer may be held liable for actions taken by its employees pursuant to an official municipal policy or a policy created by a policymaker. See Bd. of the County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Even absent an express written municipal policy, a municipality may be held liable if a plaintiff proves the existence of a widespread practice that is "so permanent and well settled as to constitute a custom or usage with the force of law." Adickes v. S. H. Kress & Co., 398 U. S. 144, 167-68 (1970); Patterson v. County of Oneida, 375 F.3d 206, 226 (2d Cir. 2004). Further, a municipality's failure to train or supervise employees, leading to the deprivation of one's constitutional rights, may also serve as grounds for municipal liability. Young v. County of Fulton, 160 F.3d 899 (2d Cir. 1998).

In the context of this summary judgment motion practice, Plaintiffs have proffered no evidence from which a reasonable jury could conclude that Grippo's allegedly retailatory

actions were taken pursuant to any policy or widespread custom or usage of the DOE. Indeed, Plaintiffs' memorandum in opposition to the motion for summary judgment complains of Plaintiffs' removal "through Grippo's improper use of the investigative offices of the DOE." (Pls.' Opp'n, Point V.) Nor have Plaintiffs alleged facts from which a reasonable jury could discern a failure to train or supervise employees that lead to the alleged constitutional violations complained of here. Accordingly, DOE is entitled to judgment as a matter of law. Even when all of the evidence is examined in the light most favorable to the Plaintiffs, Delisi and Altieri have failed to demonstrate that any genuine issue of material fact precludes the grant of summary judgment in DOE's favor in all respects.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is granted, and Plaintiffs' action is dismissed. The clerk of court is respectfully requested to enter judgment in favor of Defendant Department of Education and close this case.

SO ORDERED.

Dated: New York, New York
December 15, 2005

LAURA TAYLOR SWAIN
United States District Judge